## UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER MENDEZ and<br>CLAIRE MENDEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 07-cv-06498 |
| | ) | |
| VILLAGE OF TINLEY PARK, a Municipal<br>corporation, and JOSEPH VEGA, individually<br>and as a police officer in the Police Department<br>of the Village of Tinley Park, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

Defendants, the Village of Tinley Park and Joseph Vega, by and through their attorneys, Querrey & Harrow, Ltd, submit their memorandum in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  In support thereof, Defendants state as follows:

### INTRODUCTION

Plaintiffs filed a seven count complaint against Defendants allegedly after Officer Vega's taser accidentally discharged striking Alexander Mendez ("Alexander"). The Complaint contains three substantive due process claims for excessive force (Counts I, II, & III), and state law claims for battery, assault, willful and wanton conduct, and intentional infliction of emotional distress (the last claim is brought by Alexander and his wife Claire) (Counts IV, VI, VI, and "XII" (sic), respectively).  Because Plaintiffs' federal claims fail to state a cause of action, this Court should dismiss Counts I, II, and III and refuse to exercise supplemental jurisdiction over Plaintiffs' state law claims.

### LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint, not to test its merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the allegations of the complaint are taken as true, along with reasonable inferences therefrom in the light most favorable to the plaintiff. *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir. 1981). Plaintiffs' complaint should not be dismissed "unless

it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle the plaintiff to relief . . . . Nevertheless, a plaintiff must allege sufficient facts to outline the cause of action, proof of which is essential to recovery." *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1983)(citations omitted), *cert. denied,* 745 U.S. 1047 (1986).

## ARGUMENT

**A.    Plaintiffs' Substantive Due Process (Counts I, II and III) Fail And Should Be Dismissed**

This Court should dismiss the substantive due process claims, Counts I, II, and III, because the facts alleged demonstrate that the discharge of Vega's taser was accidental, and therefore insufficient to make out a substantive due process claim.  Alternatively, this Court should dismiss or strike the various substantive due process claims a cumulative and duplicative because they ostensibly assert multiple *Monell* claims against Tinley Park for the exact same claim and conduct, officer Vega cannot be sued for a *Monell* violation, and Claire cannot maintain a *Monell* claim when there is no allegation that her rights were violated.  Additionally, any references to 42 U.S.C. § 1985 or 18 U.S.C. § 245 must be stricken as Plaintiff has failed to allege any facts sufficient to support such claims.

**1.    Counts I, II & III Must Be Dismissed With Prejudice As Plaintiff Has Alleged An Accident**

First, each of Plaintiff's Fifth Amendment substantive due process claims (Counts I, II, & III) fail and must be dismissed.

Substantive due process does not afford a cause of action for police negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 747 U.S. 344, 348 (1986). Further, the U.S. Supreme Court has recognized that even an intermediate level of fault, such as recklessness, is not enough to impose constitutional liability. The United States Supreme Court has held that "[f]ar from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." *Daniels v. Williams*, at 327. Further, where a government official's act causing injury to life, liberty, or property is merely negligent "no procedure for compensation is *constitutionally* granted." *Id.* at 328 (citing *Parratt v. Taylor*, 451 U.S. 527, 548 (1981).

In the instant action, Plaintiffs have alleged facts which imply that Vega attempted to play a prank or joke on Alexander, asking his wife "'Do you want to see me scare Alexander [Mendez]?'" (Compl. ¶ 9). Vega apparently did not fire the taser, instead the taser is alleged to have simply discharged, striking Alexander. (Compl. ¶ 11). The allegations in the Complaint, taken as true, establish that Officer Vega intended only to play a prank on his friend by scaring him, but that in the process the taser accidentally discharged. As the incident alleged in the Complaint amount to nothing more than an unfortunate accident, the substantive due process claims fail. Moreover, while this incident may be unfortunate, it is simply not an abuse of governmental power by Vega that is sufficient to "shock the conscience."

Instead, this is a negligence case arguably due to Vega's purported lack of due care in handling the taser. But negligence does not arise to the level of a violation of substantive due process. Indeed, this is a negligence case that belongs in state court.

Because Plaintiffs' substantive due process claims fail to state a claim, this Court should dismiss them with prejudice, and refuse to exercise supplemental jurisdiction over the state law claims, allowing them to proceed in state court.

### 2.    Alternatively, Counts II, & III Must Be Stricken As Duplicative

Alternatively, even if Plaintiffs have stated a claim for substantive due process, this Court must strike Counts II & III, because those Counts are needlessly duplicative and cumulative of the claim asserted in Count I.

Defendants understand Count I to assert a § 1983 substantive due process excessive force claim against both Vega and Tinley Park. However, pursuant to *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), Plaintiffs may only sue Tinley Park under § 1983 when its policy, practice or procedure caused the alleged constitutional violation. Presumably Count I is alleging both a substantive due process claim against Vega directly as well as a *Monell* claim against Tinley Park because it includes allegations concerning a "systemic pattern of conduct" and Tinley Park's purported failure to discipline. (Compl., Count I ¶¶ 16-17).

Count II asserts an identical claim for substantive due process excessive force, but only against Tinley Park. This Count alleges that Tinley Park "pursuant to official policy or custom" in which it failed to train, supervise, and instruct Vega alone. (Compl. Count II ¶ 15). Subsequently, Count II alleges that this conduct on the part of Tinley Park was "negligent." (Compl. Count II ¶ 18). It is questionable whether this Count actually alleges a policy, practice

or procedure of failing to train others besides Vega. However, giving Plaintiffs the benefit of the doubt, Count II ostensibly attempts to assert another *Monell* claim against Tinley Park for the exact same conduct and purported constitutional violation at issue in Count I.

Count III is explicitly alleged as a *Monell* claim, except it is brought against not only Tinley Park, but also officer Vega (who cannot be sued for a *Monell* claim, *see Monell,* 436 U.S. at 658), and is based on the exact same conduct and purported constitutional violation at issue in Counts I & II. Further complicating Count III is that it is purportedly brought by both Alexander and Claire, even though there is no allegation that officer Vega ever violated any of Claire's constitutional rights.

In the event that this Court finds that Plaintiffs have stated a claim for substantive due process (which Defendants maintain they have not), this Court should dismiss Counts II & III because Plaintiffs have alleged a *Monell* policy or custom claim in Count I and should not be allowed to lard up the Complaint by needlessly duplicating the same *Monell* claim in Counts II & III.

Further, the only Count that explicitly alleges a *Monell* claim (Count III) contains other defects requiring dismissal. Vega who is sued in Count III under *Monell*, simply cannot be sued for a policy or custom claim. *See Monell,* 436 U.S. at 658.

The *Monell* claim in Count III is also purportedly brought by Claire. However, Count III must be dismissed because there are simply no allegations that her rights were ever violated. Without an underlying constitutional violation, she cannot make out a *Monell* claim against Tinley Park. *See Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998).

Accordingly, this Court should dismiss Counts II and III.

**B.    To The Extent Plaintiffs Are Attempting To Allege A Section 1985 Conspiracy Claim, It Must Be Dismissed**

Peppered throughout Counts I, II and III, are references to some unspecified "conspiracy." While it is difficult to fathom how the alleged discharge of Vega's taser amounts to a conspiracy, there is one stray reference in the Complaint to 42 U.S.C. § 1985, which grants a conspiracy cause of action. *See* 42 U.S.C. § 1985(3). (Compl. Count I ¶ 19).

It is unclear why Plaintiffs have included § 1985 anywhere in this complaint. Nevertheless, to the extent they have attempted to state a claim under § 1985(3), that claim must be dismissed with prejudice. Section 1985(3) requires plaintiffs to allege (1) the existence of a

conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of a conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege afforded to U.S. citizens. *Green v. Benden*, 281 F. 3d 661, 665 (7th Cir. 2002). To survive a motion to dismiss, "plaintiff must allege the existence of a conspiracy motivated by racial or other class-based discriminatory animus and facts from which a conspiracy can be inferred." *Lait v. Genova*, 2002 U.S. Dist. LEXIS 24140, *6-7 (N.D. Ill. Dec. 12, 2002) (Moran, J.); *cf. Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993).

In this case, Plaintiffs have not alleged any agreement (the heart of a conspiracy) by or between more than one person (one cannot conspire with one's self), nor is there any allegation that race or class-based animus that motivated the conspiratorial agreement. There are simply no facts from which the Court could infer any discriminatory animus. *Bray*, 506 U.S. at 267-68. Indeed, the Complaint is silent about Plaintiffs' class membership or the class characteristics of any defendant. Nor do the plaintiffs complain that members of their class were treated differently than others.

Here, no set of facts consistent with the complaint could support a claim that racial or other discriminatory animus motivated Officer Vega's one-man "conspiracy."

Therefore, any and all claim under Section 1985 must be dismissed with prejudice.

**C.    To The Extent Plaintiffs Are Attempting To Assert A Claim Under  18 U.S.C. §245, It Must Be Dismissed**

Curiously, the last paragraph of Count I claims, among other causes of action, that Defendants violated 18 U.S.C. § 245 ("§ 245").  (Compl. Count I, ¶ 19).

It is doubtful that Plaintiffs meant to assert a claim based on this criminal statute, but to the extent they did, it must be dismissed with prejudice.  Section 245 makes it unlawful to willfully injure, intimidate or interfere with any person, or to attempt to do so, by force or threat of force, because of that other person's race, color, religion or national origin and because of his/her participation in a laundry list of "Federally Protected Activities." 18 U.S.C. § 245. "Federally Protected Activities" include activities such as: a student at or applicant for admission to a public school or public college; a participant in a benefit, service, privilege, program, facility or activity provided or administered by a state or local government; an applicant for private or state employment; a private or state employee; a member or applicant for membership in a labor

organization or hiring hall; or an applicant for employment through an employment agency, labor organization or hiring hall; a juror or prospective juror in state court; a traveler or user of a facility of interstate commerce or common carrier; and a patron of a public accommodation or place of exhibition or entertainment, including hotels, motels, restaurants, lunchrooms, bars, gas stations, theaters, concert halls, sports arenas or stadiums.

Clearly, nothing in Plaintiffs' recitation of the alleged facts of his case falls under § 245's federally protected activities. . Accordingly, any claim asserted under § 245 must be dismissed with prejudice and any reference to 18 U.S.C. 245 must be stricken.

**D.    Claire Mendez's Claim of Intentional Infliction Of Emotional Distress in Count "XI" Of Plaintiffs' Complaint Must Be Dismissed**

In order to be successful on a claim of intentional infliction of emotional distress, Clair Mendez must show that (1) the defendant's conduct was extreme and outrageous; (2) the defendant must have intended that his conduct inflict severe emotional distress or know with a high degree of certainty that the distress would result; and (3) the conduct must in fact cause severe distress. *Shemenski v. Village of Lyons, et al.*, No. 03-C-0861, 2005 U.S. Dist. LEXIS 7975 (N.D. Ill. April 13, 2005). In determining whether conduct may properly be characterized as "outrageous," the court employs an objective standard based on the facts of each case. *Shemenski*, at \*24; see also *Doe v. Calumet City*, 161 Ill.2d 374, 392 (1994). The tort does not arise from threats, insults, indignities, annoyances or petty oppressions. *Shemenski*, at \*24. Liability only attaches when the defendant's conduct goes "beyond all possible bounds of decency, as to be regarded as intolerable in a civilized community." *Id.* (citing *Kolegas v. Heftel Broad. Co.*, 154 Ill.2d 1, 21 (1992). Further, "the distress inflicted must be so severe that no reasonable person could be expected to endure it." *Id.* Finally, for purposes of determining whether there has been an intentional infliction of emotional distress, the intensity and duration are factors to be considered. *Id.*

In the instant action, Claire Mendez alleges that Officer Vega asked her "Do you want me to scare Alexander [Mendez]?" and that she replied "No!" (Complaint ¶9). Mrs. Mendez also alleges that "as a result of watching her husband get struck by a TASER gun, [she] suffered pain and mental anguish and will continue to suffer in the future." (Complaint ¶13). Clearly, taking the allegations in the complaint in the light most favorable to the Plaintiffs, Officer Vega's conduct was never directed toward Mrs. Mendez. Rather, as pled Vega may have intended to

scare Alexander—not Claire.  Pursuant to applicable law, such a "threat" does not meet the threshold requirements necessary to sustain a cause of action for intentional infliction of emotional distress as brought by Claire. Additionally, Claire fails to plead that Officer Vega knew that his prank (gone awry) on Alexander would result in any injury to Mrs. Mendez. As such, Claire Mendez's claim of Intentional Infliction of Emotional Distress against the defendants fails and should be properly dismissed.

**E.    Plaintiffs' Prayer For Punitive Damages Must Be Stricken As To Tinley Park**

Finally, in each count of the Complaint, Plaintiffs request punitive damages against each defendant, including the Village of Tinley Park. Tinley Park is not liable for punitive damages for either § 1983 or for common law claims.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("a municipality is immune from punitive damages under 42 U. S. C. § 1983"); 745 ILCS 10/2-102 (local public entity not liable to pay punitive or exemplary damages).  Thus, the Court must strike prayers for punitive damages as to the Village of Tinley Park.

**CONCLUSION**

For the foregoing reasons and arguments, Counts I, II, and III must be dismissed and the Court should refuse to exercise supplemental jurisdiction over the state law claims. Alternatively, the Court should dismiss Counts II & III, dismiss any claim brought under § 1985 or § 245, dismiss Claire's intentional infliction of emotional distress claim, and strike the prayer for punitive damages as against Tinley Park.

Respectfully submitted,

By:    ____/s/ Stacey McGlynn Atkins____
       Counsel for Defendants

QUERREY & HARROW, LTD.
Paul A. Rettberg
Stacey McGlynn Atkins
175 W. Jackson Blvd., Suite 1600
Chicago, Illinois 60604-2827
(312) 540-7000
Document #: 1302091