UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
CASE NO: _____

**FILED**
**NOVEMBER 15, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**07 C 6498**

ALEXANDER MENDEZ AND CLAIRE )
MENDEZ                      )
          Plaintiff,        )
                            )
vs.                         )
                            )
VILLAGE OF TINLEY PARK, a Municipal )
Corporation, JOSEPH VEGA, individually )
And as a police officer in the Police )
Department of the Village of Tinley Park, )
          Defendants.       ) JURY DEMANDED **LI**

**JUDGE LEINENWEBER**
**MAGISTRATE JUDGE COLE**

## COMPLAINT

NOW COMES the plaintiffs, ALEXANDER MENDEZ and CLAIRE MENDEZ, by and through their attorneys, THE MILLER LAW GROUP, LLC and for their complaint, state as follows:

### INTRODUCTION

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to plaintiff by the Fifth and Fourteenth Amendments to the Constitution of the United States 42 U.S.C. §1983 and 28 U.S.C. §1343 and arising under the laws and statutes of the State of Illinois.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over Counts I-III in this action pursuant to 28 U.S.C. § 1331. The jurisdiction of this Court over the state law claims in Counts IV-VIII is invoked under 28 U.S.C. § 1367 (a).

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b). On information and belief, plaintiffs and defendants reside in this judicial district, and the events giving rise to the claim occurred within the district of the United States District Court for the Northern District of Illinois, Eastern Division.

4. Plaintiffs have filed the requisite notice of injury within six (6) months of the date of injury. On or about July 18, 2007 plaintiffs' attorney sent written correspondence to the Village of Tinley Park, Chief of Police informing him of the nature of the case, description of the parties involved and the intent to file suit. This letter was then supplemented by plaintiffs' attorney on November 5, 2007 with a draft copy of said complaint, a description of the parties involved and the events surrounding the incident, along with copies of medical records. This was later supplemented by plaintiffs' with a copy of their signed written complaint, which was sent to the Village of Tinley Park, Chief of Police on November 15, 2007.

## PARTIES

5. At all times relevant herein, plaintiffs Alexander Mendez and Claire Mendez were husband and wife and citizens and residents of the Village of Tinley Park, State of Illinois and the United States of America.

6. At all times relevant herein, defendant Village of Tinley Park was a Municipal Corporation, organized under the laws of the State of Illinois.

7. At all times relevant herein, defendant Joseph Vega ("Vega") was a police officer employed as a police officer by the Police Department of the Village of Tinley Park, State of Illinois and was acting under the color of his official capacity and his acts were performed under color of the statutes and ordinances of the Village of Tinley Park and State of Illinois. At all times relevant herein, defendant Vega was the servant, agent

2

and employee of his co-defendant, the Village of Tinley Park, so that his acts are imputed to the Village of Tinley Park.

## FACTS

8. On or about June 15, 2007 and at all times relevant herein, plaintiffs owned a restaurant named Guardi's Pizza, located in Tinley Park, Illinois.

9. On or about June 15, 2007 at approximately 9:00 p.m. Officer Vega entered Guardi's Pizza and ordered pasta salad. As plaintiff Alexander Mendez went into the walk-in-cooler to obtain pasta salad for Officer Vega, Officer Vega did then and there ask plaintiff Claire Mendez, "Do you want to see me scare Alexander [Mendez]?" Plaintiff Claire Mendez replied "No!"

10. Knowing that plaintiff Alexander Mendez had an immense fear of guns and without provocation or justification, Office Vega pointed his TASER gun directly at Alexander Mendez's head.

11. At that time, the TASER gun discharged and the TASER prongs struck Alexander Mendez in his right temple and collarbone, causing Alexander Mendez to go into convulsions and later unconsciousness. In addition, the force of the impact caused Mr. Mendez to bite off part of his tongue.

12. Officer Vega immediately withdrew the TASER prongs from Alexander Mendez's head and collarbone, causing him to bleed profusely. Officer Vega then called for backup, and Supervisor Popp and Detectives McMann and Cyborski arrived on scene and confiscated the bloody towels, Alexander Mendez's bloody glasses, the TASER prongs and the video surveillance equipment in the restaurant.

13. Plaintiff Alexander Mendez was confined to a hospital for one day and suffered great bodily injury, pain and mental anguish and will continue to suffer in the

future. Plaintiff Claire Mendez, as a result of watching her husband get struck by a TASER gun, suffered pain and mental anguish and will continue to suffer in the future.

## COUNT 1

## VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION

### ALEXANDER MENDEZ v. VILLAGE OF TINLEY PARK and VEGA

1-13. Plaintiff ALEXANDER Mendez realleges and incorporates by reference paragraphs 1-13 of this Complaint as for paragraphs 1- 13 of Count 1 as though fully set forth herein.

14. At all times relevant herein, defendant Vega was acting under color of state and local authority and pursuant to orders and directives from defendant Village of Tinley Park.

15. The acts alleged described in the above paragraphs were committed either on instruction of the Village of Tinley Park, with the knowledge and consent of the Village of Tinley Park or were thereafter approved by the Village of Tinley Park.

15. At all times relevant herein, defendants engaged in the illegal conduct here mentioned to the injury of the plaintiffs and deprived plaintiffs of the rights, privileges and immunities secured to plaintiff by the Fifth and Fourteenth Amendments to the Constitution of the United States.

16. This systematic pattern of conduct consists of a large number of individual acts of violence and intimidation visited on plaintiffs and other citizens by members of the Tinley Park Police Department, agents and employees of defendants, acting in concert with persons unknown to plaintiff and under color of law. These acts of violence and intimidation, while carried out under color of law, have no justification or excuse in law and are instead gratuitous, illegal, improper and unrelated to any activity in which police

officers may appropriately and legally engage in the course of protecting persons or property, or ensuring civil order.

17. Despite the fact that they knew or should have known of the fact that this pattern of conduct was being carried out by their agents and employees, the Tinley Park Police Department, and defendants Village of Tinley Park and Officer Vega have taken no step or effort to order a halt to this course of conduct, to make redress to plaintiff or other citizens injured thereby, or to take any disciplinary action whatever against any of their employees or agents.

18. Each of the individual defendants, separately and in concert, acted outside the scope of his jurisdiction and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly and purposefully with the specific intent to deprive plaintiff of his right to freedom from the use of excessive force, physical abuse, coercion and intimidation.

19. All of these rights are secured to plaintiff by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and by Title 42 United States code §1983 and §1985 and by Title 18 United States Code §245 (1968).

WHEREFORE, plaintiff ALEXANDER MENDEZ demands judgment against defendants VILLAGE OF TINLEY PARK and VEGA jointly and severally for compensatory damages in the amount of $1,000,000.00 and further demands judgment against each of the defendants, jointly and severally, for punitive damages in the amount of $1,000,000.00 plus costs of this action and such other relief as the Court deems just and proper.

## COUNT II

## VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH and 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION

## ALEXANDER MENDEZ v. VILLAGE OF TINLEY PARK

1-13. Plaintiff ALEXANDER Mendez realleges and incorporates by reference paragraphs 1-13 of this Complaint as for paragraphs 1-13 of Count II as though fully set forth herein.

14. At all times relevant herein, defendant Vega, as police officers of the Tinley Park Police Department, was acting under the direction and control of the defendant Village of Tinley Park.

15. Acting under color of law and pursuant to official policy or custom, defendant Village of Tinley Park knowingly, recklessly or negligently failed to instruct, supervise, control or discipline on a continuing basis Vega in his duties to refrain from: (1) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional rights; (2) unlawfully and maliciously assaulting and beating a citizen or otherwise using unreasonable; (3) conspiring to violate the rights, privileges and immunities guaranteed to plaintiff by the Constitution and laws of the United States of Illinois; and (4) otherwise depriving plaintiff of his constitutional and statutory rights, privileges and immunities.

16. Defendant Village of Tinley Park had knowledge or had they diligently exercised their duties to instruct, supervise, control and discipline Vega on a continuing basis, should have had knowledge that the wrongs conspired to be done as alleged herein, were about to be committed. Defendant Village of Tinley Park had power to prevent or aid in preventing the commission of said wrongs, could have done do by reasonable diligence and knowingly, recklessly or with gross negligence failed or refused to do so.

6

17. Defendant Village of Tinley Park directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of defendant Vega described herein.

18. As a direct and proximate cause of the negligent and intentional acts of defendant Village of Tinley Park and Vega, plaintiff suffered physical injury, loss of income, medical expenses and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. §1983.

WHEREFORE, plaintiff ALEXANDER MENDEZ demands judgment against defendants VILLAGE OF TINLEY PARK, jointly and severally for compensatory damages in the amount of $1,000,000.00 and further demands judgment against each of the defendants, jointly and severally, for punitive damages in the amount of $1,000,000.00 plus costs of this action and such other relief as the Court deems just and proper.

## COUNT III

### 42 U.S.C. §1983: VIOLATION UNDER MONELL: WIDESPREAD PRACTICE, CUSTOM AND FAILURE TO ADEQUATELY TRAIN OFFICERS, SO PREVALENT AS TO COMPROMISE MUNICIPAL POLICY

### ALEXANDER MENDEZ and CLAIRE MENDEZ v. VILLAGE OF TINLEY PARK and VEGA

1-13. Plaintiffs reallege and incorporates by reference paragraphs 1-13 of this Complaint as for paragraphs 1-13 of Count III as though fully set forth herein.

14. At all relevant times, the Defendants were acting as the duly authorized agents of the Village of Tinley Park and were then and there acting within the scope of their employment with said principal.

7

15.　The Defendants' actions, all taken under color of law, were undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

16.　The misconduct described in this Count was undertaken pursuant to the policy and practice of the Village of Tinley Park by its Police Department in that:

    a.　As a matter of both policy and practice, the Tinley Park Police Department directly encourages, and it there by the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b.　As a matter of both policy and practice, the Tinley Park Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Tinley Park Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c.　Generally, as a matter of widespread practice so prevalent as to comprise municipal police, officers of the Tinley Park department abuse citizens in a manner similar to that alleged by Plaintiff in this count on a frequent basis, yet the Tinley Park Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.　Municipal policymakers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Tinley Park Police

Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

e. The Village of Tinley Park has failed to act to remedy the patterns of abuse described in the preceding subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

17. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

18. As described more fully above, the force used by one or more of the Defendant officers against plaintiffs were unreasonable, wholly unnecessary and absolutely unjustified.

19. That as a direct and proximate cause defendants' actions, undertaken in accordance with official custom, pattern and/or practice, plaintiffs sustained injuries of a person, pecuniary, and permanent nature, and were injured, both physically and mental. Plaintiffs have suffered and in the future will suffer great physical and emotional pan and discomfort, and physical and emotional impairment and disability and physical disfigurement all of which injuries are permanent. Plaintiffs have been and will be prevented from attending to their ordinary affairs and duties, have suffered a permanently impaired earning capacity, have lost income and other pecuniary gains, and have become liable for certain sums of money for medical care and attention.

20. In addition, as result of defendants' actions, plaintiffs have suffered humiliation and emotional distress.

WHEREFORE, plaintiffs ALEXANDER MENDEZ and CLAIRE MENDEZ demand judgment against defendants VILLAGE OF TINLEY PARK and VEGA for

9

compensatory damages in the amount of $1,000,000.00 and for punitive damages in the amount of $1,000,000.00 plus costs of this action and such other relief as the Court deems just and proper.

## COUNT IV

## BATTERY

### ALEX MENDEZ v. VILLAGE OF TINLEY PARK and VEGA

1-13.　Plaintiff realleges and incorporates by reference paragraphs 1-13 of this Complaint as paragraphs 1-13 of Count IV as though fully set forth herein

14.　That as a direct and proximate result of one of the aforesaid acts or omissions of defendant, plaintiff has suffered and will continue to suffer serious injury, lost wages, endured pain, suffered disfigurement and incurred medical expenses.

WHEREFORE, plaintiff ALEXANDER MENDEZ demands judgment against defendants VILLAGE OF TINLEY PARK and VEGA for compensatory damages in the amount of $1,000,000.00 and for punitive damages in the amount of $1,000,000.00 plus costs of this action and such other relief as the Court deems just and proper.

## COUNT V

## ASSAULT

### ALEXANDER MENDEZ v. VILLAGE OF TINLEY PARK and VEGA

1-13.　Plaintiff realleges and incorporates by reference paragraphs 1-13 of this Complaint as for paragraphs 1-13 of Count V as though fully set forth herein.

15.　That as a direct and proximate cause of the intentional acts of defendants, plaintiff Alexander Mendez anticipated that he would be struck and was in reasonable apprehension and fear of his life as a direct result of defendant Vega's actions.

16.  As a proximate result of one of the aforesaid acts or omissions of defendant, plaintiff has suffered and will continue to suffer serious injury, emotional distress, lost wages, endured pain, suffered disfigurement and incurred medical expenses.

WHEREFORE, plaintiff ALEXANDER MENDEZ demands judgment against defendants VILLAGE OF TINLEY PARK and VEGA for compensatory damages in the amount of $1,000,000.00 and for punitive damages in the amount of $1,000,000.00 plus costs of this action and such other relief as the Court deems just and proper.

## COUNT VI

## WILFULL AND WANTON MISCONDUCT

## ALEXANDER MENDEZ v. VILLAGE OF TINLEY PARK and VEGA

1-13.  Plaintiff realleges and incorporates by reference paragraphs 1-13 of this Complaint as for paragraphs 1-11 of Count VI as though fully set forth herein.

14.  That on or about June 15, 2007 at approximately 9:00 p.m. plaintiff lawfully in his restaurant in Tinley Park, Illinois.

15.  Defendant Vega in his capacity as a police officer in the Village of Tinley Park and wearing the uniforms of his police department was present at that location on that date and time.

16.  On or about June 15, 2007, defendant Vega knowingly and intentionally and with willful and wanton disregard for the safety of plaintiff, pointed his TASER gun at plaintiff Alexander Mendez, causing it to discharge and causing severe and permanent injuries to plaintiff.

17.  As a result of the facts set forth in this complaint, the defendant owed a duty to the plaintiff to act with reasonable care. The defendant breached this duty, which breach proximately caused the plaintiff serious and permanent personal injuries.

11

18. As a proximate result of one or more of the aforesaid willful and wanton acts and/or omissions of the defendant, the plaintiff has suffered and will in the future continue to suffer server injuries of a personal and pecuniary nature.

WHEREFORE, plaintiff ALEXANDER MENDEZ demands judgment against defendant VILLAGE OF TINLEY PARK and VEGA for compensatory damages in the amount of $1,000,000.00 and for punitive damages in the amount of $1,000,000.00 plus costs of this action and such other relief as the Court deems just and proper.

## COUNT XII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### ALEXANDER MENDEZ and CLAIRE MENDEZ v. VILLAGE OF TINLEY PARK AND VEGA

1-13. Plaintiffs reallege and incorporate by reference paragraphs 1-13 of this Complaint as for paragraphs 1-13 of Count XII as though fully set forth herein.

14. As a proximate result of one or more of these intentional acts or omissions, plaintiffs suffered and will continue to suffer great physical and emotional pain, impairment and disability, disfigurement, humiliation and other severe and extreme emotional distress.

WHEREFORE, plaintiffs ALEXANDER MENDEZ and CLAIRE MENDEZ demand judgment against defendants VILLAGE OF TINLEY PARK and VEGA for compensatory damages in the amount of $1,000,000.00 and for punitive damages in the amount of $1,000,000.00 plus costs of this action and such other relief as the Court deems just and proper.

Respectfully submitted,
**The Miller Law Group, LLC**

By  s:/ Jennifer A. Kunze
    One of the attorneys for plaintiffs

Andrew K. Miller
Jennifer A. Kunze
**THE MILLER LAW GROUP, LLC**
15 Spinning Wheel Road
Suite 210
Hinsdale, Illinois 60521
Telephone: (630) 654-4847
Facsimile: (630) 654-4894

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that they verily believe the same to be true.

_____
Alex Mendez

_____
Claire Mendez