IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEXANDER MENDEZ and CLAIRE MENDEZ,<br><br>              Plaintiffs,<br><br>      v.<br><br>VILLAGE OF TINLEY PARK, a Municipal Corporation; JOSEPH VEGA, Individually as a Police Officer in the Police Department of the Village of Tinley Park,<br><br>              Defendants. | Case No. 07 C 6498<br><br>Hon. Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Alexander Mendez and his wife, Claire (hereinafter, "Alexander," "Claire," "Mendez," or "Plaintiffs"), have brought a seven-count suit against the Village of Tinley Park (hereinafter, "Tinley Park"), and Joseph Vega, a Tinley Park police officer (hereinafter, "Vega")(collectively, the "Defendants").

### I.  BACKGROUND

Vega, while off duty, entered Plaintiffs' restaurant and ordered some food.  While Alexander Mendez was in a walk-in cooler, Vega asked Claire, his wife, if she would like to see him scare her husband.  Even though she said "no" Vega pointed his TASER gun directly at Alexander's head as he exited the cooler.  The TASER discharged injuring Alexander.  It is not alleged that Vega purposely discharged the TASER, but that he acted wilfully and wantonly.

Three of the seven counts purport to elicit federal jurisdiction and four counts involve state law.  The federal counts are styled "Count I VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION ALEXANDER MENDEZ v. VILLAGE OF TINLEY PARK AND VEGA"; COUNT II VIOLATION OF THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS OF THE UNITED STATS CONSTITUTION ALEXANDER MENDEZ V. VILLAGE OF TINLEY PARK; COUNT III VIOLATION UNDER MONELL; WIDE SPREAD PRACTICE, CUSTOM AND FAILURE TO ADEQUATELY TRAIN OFFICERS SO PREVALENT AS TO COMPROMISE MUNICIPAL POLICY ALEXANDER MENDEZ and CLAIRE MENDEZ v. VILLAGE OF TINLEY PARK and VEGA." The Defendants have moved to dismiss the federal counts under Rule 12 (b) (6) for failure to state a claim and, alternatively, at least two of the three counts because they are duplicative.

## II.  **DISCUSSION**

The claim of duplicativeness is well taken.  Since there is no *respondeat superior* liability under Section 1983, the only way Tinley Park could be held liable is under the theory of municipal liability established by *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978).  Here the Mendez' have brought three counts against Tinley Park for violation of their constitutional rights.  The constitutional right in question is substantive due process in applying the 5th Amendment to Tinley Park through the 14th Amendment.  The 5th amendment violation is due process presumably excessive force.  Thus, the three counts against Tinley Park are

duplicative.  *Monell* is not a separate cause of action; it is merely a theory by which a plaintiff can obtain a recovery under Section 1983 against a municipal body for a constitutional violation by one of its employees acting under color of law.  Nor does Section 1983 provide a separate basis for recovery; it is merely a vehicle for seeking recovery for constitutional violations.

The next question is whether Plaintiffs have pled a viable action under Section 1983.  To plead a Section 1983 action as Plaintiffs themselves agree, a plaintiff must allege (1) that the defendant acted under color of state or local authority; (2) that defendant subjected plaintiff to the deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (3) that the deprivation caused plaintiff to suffer injuries.

Here we need only discuss point (1), *viz.*, whether Plaintiffs have adequately pled that Defendant Vega was acting under color of state or local authority at the time of the Tasing.  It is clear that Plaintiffs have not pled sufficient facts to establish this point.  The complaint alleges that Vega, while off duty, entered Plaintiffs' restaurant to get something to eat.  While there, he attempted to scare Alexander by pointing his TASER gun at his head.  It went off injuring Alexander.  Federal courts have adopted a functional test to determine whether a defendant is acting under color of law.  This issue was throughly discussed in *Latuszkin v. Chicago*, 250 F.3d 502 (7th Cir. 2001).  In that case, an administrator of an estate sued an

off-duty police officer who, while driving under the influence, caused an auto accident as a result of which the administrator's wife was killed. At the time of the accident, the officer was off duty and was returning from the police station following a party at which he consumed alcohol. The court held that under these circumstances he was not engaged in any police activity and therefore was not acting under color of state or local authority. The court noted that the issue did not directly turn on the off-duty status but rather on the specific acts performed, that is what function was he performing when the death occurred. Here, Officer Vega was not performing or attempting to perform any police activity such as attempting to arrest Mendez. On the contrary he was attempting to "scare" Alexander Mendez while acting as a customer in a restaurant. To convert an off-duty status to one where the officer was acting under color of law, the off-duty officer must purport to exercise police authority in some manner, such as flashing a badge, identifying himself as a police officer, placing an individual under arrest, or performing a duty imposed by police department regulations. *Rivera v. La Porte*, 896 F.2d 691, 696 (2nd Cir. 1990); *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423 (10th Cir. 1984), vacated on other grounds, 474 U.S. 40, adhered to on remand, 796 F.2d 1307; *Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir. 1975). Further, mere knowledge that person is a police officer does not convert a private act into an official one. *Mihalovits v. Village of Crestwood*, 2003 WL 1745513 (N.D. Ill. 2003).

Mendez takes issue with the description of Vega's act as a joke gone awry. However, there is no allegation that Vega intended to Tase Mendez. The allegations are that he intended to "scare" him. Thus while the joke was exceedingly not funny nevertheless, it cannot be described as a police function as there is no local or state law that allows or permits off-duty policemen to scare citizens by pointing or discharging a weapon of any kind.

Mendez also attempts to hold the Village of Tinley Park in the case based on a *Monell* theory. The Complaint alleges that Tinley Park "as a matter of policy and practice directly encourages," "facilitates" this type of misconduct by failing to supervise and punish similar misconduct. However, since the incident did not involve a deprivation of a federally guaranteed right, the facts do not support a *Monell* claim. In addition, although the federal rules provide for notice pleading, the facts pled must show that a *Monell* claim is "plausable" and not merely "speculative." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct 1955, 1970-1974 (2007). Certainly the facts do not appear plausible that Tinley Park encourages and facilitates its off-duty officers to Tase its citizens.

Mendez also argues that the facts alleged provide for a cause of action for conspiracy under Section 1985. However, the case he cites, *Green v. Benden*, 281 F.3d 661 (7th Cir. 2002), clearly indicates that a necessary component to such a claim is an invidiously discriminatory animus behind the conspirators' actions. There is no such allegation here. Nor are there any allegations of

whom the co-conspirators are and what the "agreement" consisted. There is some indication that Mendez might be claiming some post incident coverup on the part of the Tinley Park police but such actions occurred after the shooting and don't indicate some preexisting agreement to injury Mendez.  All the evidence would appear to justify is possibly a claim for spoilation of evidence but this is not a constitutional claim and Illinois law provides for an adequate remedy by providing a presumption against the party destroying the evidence. *See IPI, Civil, 5.01.*

This is not to say that Mendez is without remedy for the atrocious behavior of Vega.  However, he must look to state law for his remedy such as he is claiming in Counts IV, V, VI and VII.

### III.  CONCLUSION

For the reasons stated herein, Counts I, II, and III of the Plaintiffs' Complaint are dismissed.  The remaining counts are remanded to the Circuit Court of Cook County for lack of federal jurisdiction.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** February 14, 2008